IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND, AND HOWARD MCDOUGALL, TRUSTEE,<br><br>Plaintiffs,<br><br>v.<br><br>DON DARR CHEVROLET, INC., a Delaware corporation,<br><br>Defendant. | Case No. 08 C 1095<br><br>Judge Gottschall<br><br>Magistrate Judge Valdez |

### DEFENDANT'S ANSWER

Defendant, Don Darr Chevrolet, Inc. (the "Defendant"), by and through its counsel, Silver & Mishkin, LLC, for its Answer to Plaintiff's Complaint, states as follows:

### JURISDICTION AND VENUE

1. This is an action for collection of withdrawal liability, interest, and penalties incurred by an employer as a result of a withdrawal from a multiemployer pension plan.

    **ANSWER:** Defendant denies each and every allegation in Paragraph 1 of the Plaintiff's Complaint.

2. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA") as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. § 101 et seq. (1982). This Court has jurisdiction over this action under sections 502(e), 502(f) and 4301(c) of ERISA, 29 U.S.C. §§ 1132(e), 1132(f) and 1451(c).

    **ANSWER:** Defendant denies each and every allegation in Paragraph 2 of the Plaintiff's Complaint.

3. Venue lies in this Court under sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§ 1132(e)(2) and 1451(d), because the Pension Fund is administered at its principal place of business in Rosemont, Illinois. Venue also lies in this Court pursuant to the Pension Fund Trust Agreement.

   **ANSWER:** Defendant denies each and every allegation in Paragraph 3 of the Plaintiff's Complaint.

## PARTIES

4. Plaintiff Pension Fund is a multiemployer pension plan within the meaning of sections 3(37) and 4001(a)(3) of ERISA, 29 U.S.C. §§ 1002(37) and 1301(a)(3). Plaintiff Howard McDougall is a present trustee of the Pension Fund and he and his fellow trustees are the plan sponsors of the Pension Fund within the meaing of section 4001(a)(10) of ERISA, 29 U.S.C. § 1301(a)(10). The Trustees administer the Pension Fund at 9377 West Higgins Road, Rosemont, Illinois 60018.

   **ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of Plaintiffs' Complaint and therefore, denies same.

5. Pursuant to sections 502(a)(3) and 4301(a)(1) of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1451(a)(1), the Trustees are authorized to bring this action on behalf of the Pension Fund, its participants, and beneficiaries for the purpose of collecting withdrawal liability.

   **ANSWER:** Defendant denies each and every allegation in Paragraph 5 of the Plaintiff's Complaint.

6. Defendant Don Darr Chevrolet, Inc. ("Don Darr Chevrolet") is a Delaware corporation with its principal place of business located in the State of Missouri.

<div style="margin-left:2em">

**ANSWER:**   Defendant admits the allegations in Paragraph 6 of the Plaintiff's Complaint.

</div>

## CLAIM FOR RELIEF

7. Defendant Don Darr Chevrolet was subject to collective bargaining agreements between itself and various local unions affiliated with the International Brotherhood of Teamsters pursuant to which it was required to make contributions to the Pension Fund on behalf of certain of its employees.

   **ANSWER:**   Defendant denies each and every allegation contained in Paragraph 7 of Plaintiffs' Complaint and further states that the terms of the collective bargaining agreement are the best evidence of its contents.

8. The Pension Fund has determined that on or about June 16, 2007, Defendant Don Darr Chevrolet permanently ceased all covered operations requiring contributions to the Pension Fund thereby effecting a "complete withdrawal" from the Pension Fund within the meaning of section 4203 of ERISA, 29 U.S.C. § 1383.

   **ANSWER:**   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of Plaintiffs' Complaint and therefore, denies same.

9. As a result of this complete withdrawal Defendant Don Darr Chevrolet incurred withdrawal liability issued by the Pension Fund in the amount of $798,252.85, as determined under section 4201(b) of ERISA, 29 U.S.C. §1381(b).

   **ANSWER:**   Defendant denies each and every allegation in Paragraph 9 of Plaintiffs' Complaint.

10. On or about November 16, 2007, Defendant Don Darr Chevrolet received a notice and demand for payment of withdrawal liability issued by the Pension fund in accordance with

Sections 4202(2) and 4219(b)(1) of ERISA, 29 U.S.C. §§ 1382(2) and 1399(b)(1). The notice and demand notified Defendant Don Darr Chevrolet that in light of the asset sale of the Defendant to Bommarito Pontiac South, Inc., the Pension Fund believed there was a substantial likelihood that the Defendant Don Darr Chevrolet would be unable to pay its withdrawal liability and as a result, pursuant to section 4219(c)(5)(B) of ERISA and Appendix E, Section 5(e)(2)(E) of Pension Plan, Defendant Don Darr Chevrolet was required to immediately pay the entire withdrawal assessment of $798,252.85.

**ANSWER:** Defendant denies each and every allegation in Paragraph 10 of Plaintiffs' Complaint.

11. Defendant Don Darr Chevrolet never requested that the Pension Fund review its withdrawal liability determination pursuant to § 4219(b)(2)(A) of ERISA, 29 U.S.C. §1399(b)(2)(A).

**ANSWER:** Defendant denies each and every allegation in Paragraph 11 of Plaintiffs' Complaint.

12. Defendant Don Darr Chevrolet did not timely initiate arbitration of the Pension Fund's withdrawal liability determination pursuant to § 4221(a)(1) or ERISA, 29 U.S.C. § 1401(a)(1). Consequently, the amounts demanded by the Pension Fund are due and owing pursuant to § 4221(b)(1) or ERISA, 29 U.S.C. § 1401(b)(1).

**ANSWER:** Defendant denies each and every allegation in Paragraph 12 of Plaintiffs' Complaint.

13. To date, Defendant Don Darr Chevrolet has not paid any of the withdrawal liability assessment, and is therefore in default within the meaning of section 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5).

**ANSWER:** Defendant denies the each and every allegation in Paragraph 13 of Plaintiffs' Complaint as they call for a legal conclusion.

WHEREFORE, Defendant Don Darr Chevrolet, Inc., respectfully requests this Court to enter Judgment in its favor and against Plaintiffs, each of them, an award of its costs, and for such other and further relief as this Court deems just and proper.

DON DARR CHEVROLET, INC.

_____
By one of its attorneys

Lawrence D. Mishkin, Lead Counsel
Timothy E. Hirsch
Jordan A. Born
Silver & Mishkin, LLC
400 Skokie Boulevard, Ste. 850
Northbrook, IL 60062
847-504-1450
247-504-1451-fax
ARDC # 6285788